UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

VICTORIA ROBERTS, individually
and on behalf of all others similarly
situated,

        Plaintiffs,

  v.

PARAGON METALS LLC,

        Defendant.

JURY TRIAL DEMANDED

————————————————————— /

## COLLECTIVE ACTION COMPLAINT

Plaintiff Victoria Roberts, individually and on behalf of all others similarly situated, brings this collective action under the Fair Labor Standards Act against Defendant Paragon Metals LLC and alleges the following.

### NATURE OF THE CASE

1.    This is a collective action under the Fair Labor Standards Act (FLSA) to recover compensation owed because of Defendant's failure to provide overtime pay to Roberts and all others similarly situated who worked for Defendant.

2.    Roberts and all other similarly situated workers performed at least 14 minutes of work or more before the start of their shifts for which they were not com-

pensated.

3.      This resulted in a common policy of Defendant not paying Roberts and all other similarly situated workers at a rate of 1.5 times their regular rate of pay for all the overtime hours they worked as required by the FLSA.

4.      Because of Defendant's failure to pay overtime compensation, Roberts and all other similarly situated workers have suffered damages that include, but are not limited to, lost wages, liquidated damages, attorney's fees, and litigation costs.

## PARTIES

5.      Plaintiff Victoria Roberts is an individual who resides in Branch County.

6.      Defendant Paragon Metals is a limited liability company organized under the laws of the State of Delaware.  The corporation operates three manufacturing facilities where workers produce metal components.  One of Defendant's manufacturing facilities is located in Branch County and the other two are located in Hillsdale County.

7.      Defendant is an employer under the FLSA. 29 U.S.C. § 203(d).

8.      Approximately 200 employees work at Defendant's facilities in production roles where they operate machines used in the manufacturing process.

9.      Roberts worked for Defendant at its manufacturing facility in Branch County from 2013 until November 2020 as a quality auditor.  Roberts was an em-

ployee of Defendant within the meaning of the FLSA. 29 U.S.C. § 203(e) and (g).

### JURISDICTION AND VENUE

10.    This action arises under the Fair Labor Standards Act. 29 U.S.C. §§ 201-262.  The Court has original subject matter jurisdiction over the claims asserted in the complaint in accordance with Title 28 of the United States Code, Section 1331, because those claims arise under federal law.

11.    The Court has personal jurisdiction over Defendant under Michigan Compiled Laws Sections 600.711 and 600.715. FED. R. CIV. P. 4(k)(1)(A).

12.    Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

### FACTUAL ALLEGATIONS
### COMMON TO ALL CLAIMS

13.    Roberts repeats and incorporates all the previous allegations in the complaint.

14.    Roberts and all others similarly situated currently work (or worked) for Defendant as production employees during the past three years.

15.    Roberts and all other similarly situated workers performed production related jobs and operated machines or performed other work in the manufacturing process at Defendant's facilities.

16.    Roberts and all other similarly situated workers were scheduled to work 8 hour shifts, and at least 40 hours per week.

17.     Roberts and all other similarly situated workers are not exempt from overtime compensation.

18.     Roberts and all other similarly situated workers routinely began their work for Defendant at least 14 minutes or more before the start of their scheduled shifts.

19.     During this time before the start of their scheduled shifts, Roberts and all other similarly situated workers would perform work in connection with the principal activities of their jobs that was integral and indispensable to the performance of their work for Defendant.

20.     Roberts and all other similarly situated workers performed various pre-shift work activities, including but not limited to:

(a)     Readying parts and getting parts organized for production.

(b)     Printing and reviewing written orders, specification sheets, and emails.

(c)     Checking and adjusting fluids, coolants, and systems needed to operate machines.

(d)     Readying tools and materials needed to operate the machine.

(e)     Measuring and checking quality of product produced on the previous shift to ensure that it matched the order and specifications.

(f)     Checking and calibrating machine settings.

21.     Roberts and all other similarly situated workers performed this pre-shift work after punching in to Defendant's timekeeping system.

22.    Defendant knew or should have known that Roberts and all other similarly situated workers performed this pre-shift work before their scheduled shifts, but Defendant only paid Roberts and other similarly situated workers for the time they were scheduled to work—and not for the time they actually worked.

23.    Because of this, Defendant suffered and permitted Roberts and all other similarly situated workers to work more than 40 hours each workweek.

24.    Defendant's employee handbook provides that: "You are expected to arrive at work before you are scheduled to start your shift and be at your workstation by your scheduled start time."

25.    Defendant therefore had a common policy of not paying Roberts and all other similarly situated workers at a rate of 1.5 times their regular rate of pay for all the overtime hours they worked as required by the FLSA.

26.    Defendant willfully operated under a common scheme to deprive Roberts and others similarly situated workers of proper overtime compensation by paying them less than what the FLSA requires.

27.    Defendant was or should have been aware that Roberts and all other similarly situated workers performed work that required proper payment of overtime compensation.

28.    Defendant knew or should have known that Roberts and all other similarly situated workers worked overtime hours without receiving proper overtime

pay because, among other reasons, Defendant required them to record and submit records of their work hours and Defendant's agents and representatives have observed Roberts and other similarly situated workers performing pre-shift work.

29.     Defendant was aware, or should have been aware, of its unlawful payment practices and recklessly chose to disregard the consequences of its actions.

## FLSA COLLECTIVE
## ACTION ALLEGATIONS

30.     Roberts repeats and incorporates all the previous allegations in the complaint.

31.     Roberts brings this action individually and on behalf of all individuals similarly situated, specifically:

> All hourly production employees employed by Paragon Metals at any time three years before the filing of this complaint until the date of final judgment in this matter (the proposed "FLSA Collective").

32.     Roberts consents in writing to assert her claims for unpaid wages under the FLSA in accordance with Title 29 of the United States Code, Section 216(b).  Roberts' signed consent form has been filed with the Court as Exhibit 1 to this complaint, along with other employee consent forms who have consented in writing to join as opt-in plaintiffs.  As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

33.     Members of the proposed FLSA Collective are known to Defendant and are readily identifiable through Defendant's records.

34.    Roberts and the FLSA Collective are all victims of Defendant's wide-spread, repeated, systematic, and consistently illegal policies that have resulted in willful violations of their rights under the FLSA, which have caused significant damage to Roberts and the FLSA Collective.

35.    These individuals fear retaliation from Defendant and would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join by filing their written consent.

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
*(on behalf of Roberts and the FLSA Collective)*

36.    Roberts repeats and incorporates all the previous allegations in her complaint.

37.    Defendant is an "enterprise" as defined by the FLSA (29 U.S.C. § 203(r)(1)), and is engaged in commerce within the meaning of the FLSA. 29 U.S.C. § 203(b) and (s)(1).

38.    The FLSA requires covered employers like Defendant to pay non-exempt employees like Roberts and the FLSA Collective no less than 1.5 times their regular rate of pay for all hours worked in excess of 40 in a workweek. 29 U.S.C. § 207.

39.    Roberts and the FLSA Collective regularly worked more than 40 hours per week for Defendant, but Defendant did not properly compensate them for all of

their overtime hours as required by the FLSA.

40.     Defendant did not make (and has not made) a good-faith effort to comply with the FLSA as it relates to the compensation of Roberts and the FLSA Collective.

41.     Defendant knew Roberts and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Roberts and the FLSA Collective wages at the required overtime rates. 29 U.S.C. § 255.

42.     Defendant's willful failure and refusal to pay Roberts and the FLSA Collective overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

43.     As a direct and proximate result of these unlawful practices, Roberts and the FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages, prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

44.     Roberts and the FLSA Collective demand a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

45.     Plaintiff Victoria Roberts, individually and on behalf of the proposed FLSA Collective, requests that the Court provide the following relief:

(a)    enter a finding that Roberts and the FLSA Collective are similarly situated;

(b)    certify this case as a collective action under the FLSA. 29 U.S.C. § 216(b);

(c)    authorize the prompt issuance of notices to all those similarly situated, informing them of this action and providing them with the opportunity to assert timely FLSA claims by filing individual consent forms;

(d)    enter a judgment against Defendant for an amount equal to Roberts and the FLSA Collective's unpaid back wages at the applicable overtime rates;

(e)    enter a finding that Defendant's violations of the FLSA were willful;

(f)    award damages in an amount equal to Roberts and the FLSA Collective's damages as liquidated damages;

(g)    award all litigation costs and reasonable attorney's fees incurred in prosecuting this action;

(h)    award all pre- and post-judgment interest;

(i)    provide leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court; and

(j)    all further relief as the Court deems just and equitable.

VICTORIA ROBERTS, individually and on behalf of all others similarly situated

Dated:  May 14, 2021                    By:   /s/  Mark S. Wilkinson

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
251 North Rose Street
Suite 200, PMB № 288
Kalamazoo, MI 49007-3860
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

Jesse L. Young (P72614)
Kreis Enderle Hudgins
 & Borsos pc
One Moorsbridge
P.O. Box 4010
Kalamazoo, MI 49003-4010
(tel.) 269.321.2311
jyoung@kehb.com

*Attorneys for Plaintiffs*