UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

VICTORIA ROBERTS, individually and
on behalf of all others similarly situated,

                                                    Case No. 21-426

                    Plaintiffs,

        v.                                          Mag. Judge Ray Kent

PARAGON METALS LLC,

                    Defendant.
_____/

**BRIEF IN SUPPORT OF JOINT MOTION
TO APPROVE SETTLEMENT**

## <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION ....................................................................................................3

II. STATEMENT OF FACTS .......................................................................................3

      A.    Roberts Files Her FLSA Complaint, which Defendant Deny on All
           Grounds.....................................................................................................3

      B.    The Court Conditionally Certifies an FLSA Collective Action.............................3

      C.    The Parties Engage in Mediation and Agree to Settle this Case............................4

III. LAW AND ARGUMENT .......................................................................................5

      A.    The Parties FLSA Settlement is Fair and Reasonable ...............................................5

           1.    The Absence of Fraud or Collusion in the Settlement ...............................6

           2.    Complexity, Expense, and Likely Duration of the Litigation ...................6

           3.    Amount of Discovery Engaged in by the Parties .......................................7

           4.    The Likelihood of Success on the Merits  ...................................................7

           5.    Opinions of Class Counsel and Representatives ........................................8

           6.    The Reaction of Absent Class Members ...................................................8

           7.    The Public Interest  ...................................................................................9

      B.    Plaintiffs' Counsel's Negotiated Fees and Costs Should Be Approved .................9

IV. CONCLUSION.......................................................................................................11

## **STATEMENT OF ISSUES PRESENTED**

Whether the Court should approve the settlement agreement between the Parties related to Plaintiffs' Fair Labor Standards Act lawsuit?

Plaintiffs Answer:     Yes
Defendant Answer:  Yes
This Court Should Answer:  Yes

## I.      INTRODUCTION

Plaintiff Victoria Roberts ("Roberts") and the Opt-In Plaintiffs alleging they are similarly situated with Roberts (collectively "Plaintiffs"), and Defendant Paragon Metals LLC ("Paragon" or "Defendant") (collectively the "Parties"), by and through their respective counsel, have negotiated a fair and reasonable settlement of Plaintiffs' claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA").  The Parties now ask this Court to review and approve that settlement.

## II.      STATEMENT OF FACTS

### A.      Roberts Files Her FLSA Complaint, which Defendant Denies on All Grounds

Roberts initiated this action on May 14, 2021, by filing a complaint against Defendant in the U.S. District Court for the Eastern District of Michigan, which subsequently was transferred to this Court.  In her Complaint, Roberts alleged that she and other similarly-situated current and former nonexempt employees were entitled to additional overtime compensation under the FLSA for the time Roberts alleged employees spent working before the start of their shifts.  (ECF No. 1). Accordingly, the Complaint sought back-wages and liquidated damages for Roberts and other similarly situated employees.  *Id.*

Defendant denied all allegations and liability alleged in the Complaint. On July 19, 2021, Defendant timely filed its Answer and Affirmative Defenses. (ECF No. 9).  Among other things, Defendant denied that Roberts, or any other employees, worked any time for which they were not fully compensated.  Defendant also denied that Roberts could pursue her claims as a collective action.  *Id.*

### B.      The Court Conditionally Certifies an FLSA Collective Action

To more efficiently litigate this case, the Parties stipulated to conditional certification of an FLSA collective action for the sole purpose of sending notices to putative collective action

3

members.  On July 21, 2021, the Court entered the Parties' proposed stipulated order and granted conditional certification of the proposed FLSA collective action (the "Order").  (ECF No. 13). Among other things, the Order set the date for the close of the opt-in period 60 days after the mailing of notices regarding this case.  *Id.*  During the opt-in period, 22 individuals filed forms consenting to participate in this lawsuit as opt-in plaintiffs.  (*See* ECF Nos. 1, 20-24).  Including Roberts, that brings the total number of Plaintiffs in this case to 23.

**C.**     **The Parties Engage in Mediation and Agree to Settle this Case**

In order to avoid the uncertainties of litigation and the attorneys' fees associated with this type of action, the Parties participated in private mediation before the Honorable Gerald E. Rosen (Ret.).  Among the issues discussed during mediation were the following:

(i)      The number of Opt-In Plaintiffs;

(ii)     The applicable statute of limitations;

(iii)    The various timekeeping systems at issue;

(iv)    Whether this case would proceed as a collective action (or whether motions for final certification would be denied);

(v)     Whether Roberts or any other Plaintiffs actually worked any unpaid time;

(vi)    The amount of time Plaintiffs claimed to work "off the clock" before the start of their shifts;

(vii)   Whether Plaintiffs' claims would result in overtime claims given the amount of time they actually worked on a weekly basis; and

(viii)  Whether Plaintiffs' claims were barred by the *de minimis* doctrine;

Importantly, throughout the entirety of the process, all Parties were represented by competent counsel.

At the end of mediation, the Parties reached an agreement to settle this case, which took into account all of the disputed issues set forth above, as well as other relevant matters. As detailed in the proposed Settlement Agreement (attached as ***Exhibit 1***) Roberts and Opt-In Plaintiffs will

4

receive settlement funds in exchange for their release of all claims alleged in the Complaint, and the dismissal of this case, with prejudice, in its entirety.

The agreed settlement represents a fair resolution and a reasonable compromise of hotly disputed claims.

## III.    LAW AND ARGUMENT

### A.    THE PARTIES' FLSA SETTLEMENT IS FAIR AND REASONABLE

As a general rule, "court approval is required for the settlement of claims for back wages or liquidated damages under the FLSA." *Arrington v. Mich. Bell Tel. Co.*, 2012 U.S. Dist. LEXIS 157362, *1 (E.D. Mich. Nov. 2, 2012) (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). "The proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Snook v. Valley Ob-Gyn Clinic, P.C.*, 2015 U.S. Dist. LEXIS 2989, 2-3 (E.D. Mich. Jan. 12, 2015) (*citing Lynn's Food*, 679 F.2d 1352-53). "If a settlement in an employee FLSA suit reflects 'a reasonable compromise over issues,' such as FLSA coverage or computation of back wages that are 'actually in dispute,' the court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'" *Id.* (*citing Lynn's Food*, 679 F.2d at 1354).

To determine whether a proposed FLSA settlement is fair and reasonable, courts consider, where applicable: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement. *Id.* (*citing, Lynn's Food Stores*, 679 F.2d at 1352-53 (*citing Int'l Union, United Auto., Aerospace and Agr. Implement Workers of Am. v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)); *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th

Cir. 1992)). A district court may choose to consider only the factors that are relevant to the settlement at hand. *Id*.

1.    **THE ABSENCE OF FRAUD OR COLLUSION IN THE SETTLEMENT**

Plaintiffs alleged that Defendant violated the FLSA by failing to pay overtime for hours worked over 40 in a workweek.  Defendant denies that Plaintiffs worked the claimed overtime or that it had actual or constructive knowledge of any uncompensated off-the-clock time, if worked.

There was no fraud or collusion in this settlement. The Parties reached an arms' length settlement of a *bona fide* dispute over the course of an all-day mediation session with an experienced and highly respected third-party mediator (Hon. Gerald Rosen (Ret.)).  Throughout the process, the Parties debated the merits and realities of the claims, defenses, and adjudicatory process.  Both sides' best interests were zealously represented by experienced and prepared counsel of their choosing.

The Settlement Agreement provides Plaintiffs with a substantial portion of their disputed lost overtime wages and attorneys' fees, and all of their costs.  The settlement eliminates the risks and costs both sides would bear if this litigation continued to decertification of the collective class (resulting in multiple individual actions) and/or complete adjudication on the merits.  In agreeing upon the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion as to the strengths and weaknesses of Plaintiffs' claims in comparison to their respective costs and risks associated with further litigation.

2.    **COMPLEXITY, EXPENSE, AND LIKELY DURATION OF THE LITIGATION**

The complexity, expense, and length of continued litigation militate in favor of this settlement.  Plaintiffs' claims are not complex in theory; however, the expense and length of a

possible trial over the claims are not in the Parties' best interests.  Should this matter continue, the Parties would need to complete representative discovery, brief the competing sides of a decertification motion, complete dispositive motion briefing, and, if necessary, prepare for and put on a jury trial.

If Plaintiffs ultimately prevailed at trial by proving they were due any amount of unpaid overtime, Defendant would be faced with the prospect of a verdict against it and the obligation to pay Plaintiffs' attorneys' fees and costs.  If Defendant ultimately prevailed, Plaintiffs would face dismissal of their claims and no recovery of lost wages, attorneys' fees, or costs.  The Parties compromised to avoid either outcome.  This settlement is a reasonable means for the Parties to minimize future time expended, risks, and litigation costs.

### 3.    AMOUNT OF DISCOVERY ENGAGED IN BY THE PARTIES

The Parties reviewed the exchanged and available information, shared it with their respective clients, had discussions about it, and ultimately used it to evaluate the merits of their respective claims and defenses in comparison to the costs and risks associated with further litigation.  Based upon the written discovery, Plaintiffs created a detailed damages calculation, which was exchanged with Defendant.  The settlement here is based on Plaintiffs' calculations of their alleged damages as adjusted for the purposes of compromise in light of the risks and costs associated with proceeding.

### 4.    THE LIKELIHOOD OF SUCCESS ON THE MERITS

The likelihood of Plaintiffs' success on the merits, and the amount they would be awarded, is uncertain, further suggesting that this settlement is fair and appropriate.  Plaintiff asserts, and Defendant denies, that they are each owed unpaid overtime wages for off-the-clock work that was never reported to Defendant but which Plaintiffs aver was nevertheless known to Defendant.  This

is a fact intensive inquiry, which may ultimately come down to Defendant's exercise of reasonable diligence to learn about Plaintiffs' alleged work and witness credibility.

Plaintiffs also alleged that Defendant's denial of the overtime they allege is due is the result of a common plan or scheme and that each Plaintiff is similarly situated with respect to the administration of that scheme and their recovery in this action.  This is a material issue which remains in dispute and which would have been challenged through a motion to decertify the collective action, prior to dispositive motions.

Nonetheless, even if Plaintiffs succeeded on the merits, which would require substantial additional time and resources, the specific amount of their recovery is uncertain.  Defendant continues to deny any and all liability or wrongdoing with respect to Plaintiffs' allegations and theory of liability.  Thus, this proposed settlement is a fair and reasonable settlement in relation to the potential risks and recovery in this case.

## 5.    OPINIONS OF CLASS COUNSEL AND REPRESENTATIVES

Plaintiffs' Counsel is of the opinion that the Settlement Agreement contains a fair and reasonable compromise of the disputed issues for all the reasons stated in this Joint Motion and the attached attorney Declarations.  Moreover, Class Representative, Victoria Roberts, believes the Settlement Agreement contains a fair and reasonable compromise of the disputed issues and provides for recovery prior to a long, drawn out adjudication of this case's merits.

## 6.    THE REACTION OF ABSENT CLASS MEMBERS

Because this is an opt-in FLSA collective action, there are no absent class members.  The Opt-In Plaintiffs in this case have agreed to be bound by any outcome in this lawsuit whether favorable or unfavorable.  In any event, the Opt-In Plaintiffs have reacted favorably to the settlement.

7.      **THE PUBLIC INTEREST**

The public interest is served by the proposed settlement as it implicitly serves the purpose and intent of Congress in enacting the FLSA—"to raise substandard wages and to give additional compensation for overtime work … thereby helping to protect this nation 'from the evils and dangers resulting from wages too low to buy the bare necessities of life and from long hours of work injurious to health.'" *U.S. v. Rosenwasser*, 323 U.S. 360, 361 (1945) (*quoting* Sen. Rep. No. 884 (75th Conf., 1st Sess.)).  While Plaintiffs earn well above a substandard wage, the Parties recognize that overtime was disputed in this case and Congressional intent has been achieved where Plaintiffs were able to recover all of the overtime compensation to which they claimed to be entitled and which Defendant opposed.

In sum, after considering these factors, the Court should approve the Parties' proposed FLSA settlement as fair and reasonable.

B.      **PLAINTIFFS' COUNSEL'S NEGOTIATED FEES AND COSTS SHOULD BE APPROVED**

Section 216(b) of the FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).  An award of attorneys' fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994).

A negotiated fee is preferred because it prevents attorneys' fees from becoming "a second major litigation." *Hensley*, 461 U.S. at 437 ("Ideally, of course, litigants will settle the amount of a fee.").  Courts therefore have "a responsibility to encourage agreement" on fees where possible. *Blum v. Stenson*, 465 U.S. 886, 902 n.19 (1984); *see also Local 56, United Food & Commercial Workers Union v. Campbell Soup Co.*, 954 F. Supp. 1000, 1005 (D.N.J. 1997) (granting counsel

the maximum amount of fees agreed to by the defendant under the settlement agreement where "class members ... retain all that the settlement provides [and] they do not lose any of the negotiated benefits on account of an attorneys' fee and costs award that equals the 'cap' on such an award set forth in the settlement").

Indeed, although not binding here, the Eighth Circuit recently held that court approval of negotiated attorneys' fees and costs is not necessary. *Barbee v. Big River Steel, LLC*, 2019 U.S. App. LEXIS 18527, *4 (8th Cir. June 20, 2019) ("any authority for judicial approval of FLSA settlements in 29 U.S.C. § 216 does not extend to review of settled attorney fees . . .[w]hen the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement.").  Nonetheless, the Court should still approve the fees agreed to by the Parties in the Settlement Agreement.

Plaintiffs' Counsel's attorneys' fees and costs are reasonable given the legal theories presented in the case and the amount of resources expended to investigate, research, analyze, and prepare Plaintiffs' claims for litigation.   Specifically, Plaintiffs' Counsel spent a significant amount of time investigating the potential claims, drafting pleadings, engaging in written discovery, corresponding with Defendant's counsel, reviewing documents related to Plaintiff's theory in this case, drafting a damage model, participating in mediation with Judge Rosen, negotiating the Settlement Agreement, and filing this motion.  These activities are necessarily time consuming.

Plaintiffs submit that the attorneys' fees and costs contained in the settlement agreement are more than reasonable and should be approved as a settlement of the attorneys' fees incurred in this matter. Plaintiffs' Counsel has submitted Declarations in support of their negotiated attorneys'

fees and costs. (*Exhibit 2*, Young Declaration; *Exhibit 3*, Wilkinson Declaration). Defendant takes no position on Plaintiffs' request for the attorneys' fees and costs provided in the Settlement Agreement—per the agreement's terms.

## IV.    CONCLUSION

For all of the reasons set forth above, the Parties respectfully request that this Court approve the proposed settlement of this case, and dismiss the case in its entirety, with prejudice, and with each party bearing its own costs and attorneys' fees, except as otherwise set forth in the Parties' Settlement Agreement.

VICTORIA ROBERTS, *et al.*

By: */s/Jesse L. Young*

    Mark S. Wilkinson (P68765)
    PALADIN EMPLOYMENT LAW PLLC
    5955 West Main Street
    Kalamazoo, MI 49009
    (tel.) 269.978.2474
    mark@paladinemploymentlaw.com

    Jesse L. Young (P72614)
    KREIS ENDERLE PC
    One Moorsbridge
    P.O. Box 4010
    Kalamazoo, MI 49003-4010
    (tel.) 269.321.2311
    jyoung@kehb.com

    *Attorneys for Plaintiffs*

    Dated:  December 22, 2021

PARAGON METALS LLC

By: */s/Matthew S. Disbrow* (w/consent)

    Mathew S. Disbrow (P65378)
    Sean F. Crotty (P64987)
    Mathew E. Radler (P80609)
    HONIGMAN LLP
    2290 First National Building
    660 Woodward Ave.
    Detroit, MI 48226-3506
    (tel.) 313.465.7372
    mdisbrow@honigman.com
    scrotty@honigman.com
    mradler@honigman.com

    *Attorneys for Defendant*

    Dated:  December 22, 2021

### <u>CERTIFICATE OF SERVICE</u>

I certify that on December 22, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jesse L. Young*
jyoung@kehb.com